IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CATHOLIC FOREIGN MISSION SOCIETY OF AMERICA, INC., aka MARYKNOLL FATHERS AND BROTHERS, | ) ) ) ) | CIV. NO. 14-00420 HG-BMK |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | |
| ARROWOOD INDEMNITY COMPANY, formerly known as Royal Indemnity Company, as successor to Royal Globe Insurance Company and THE TRAVELERS COMPANIES, INC. | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND(ECF No. 7) AND DENYING DEFENDANTS' MOTION TO DISMISS OR TRANSFER (ECF. No. 13)**

This case involves a request for declaratory relief as to insurance coverage for several underlying Hawaii state court lawsuits alleging sexual abuse by members of the clergy. Plaintiff filed a declaratory judgment action in Hawaii state court. Defendants removed the action to the Federal District Court for the District of Hawaii. Plaintiff moves for remand, requesting that the Court exercise its discretion to decline to exercise jurisdiction as the nature of the case is one for declaratory relief under the Declaratory Judgment Act.

Defendants have moved to dismiss or transfer this action because of a pending declaratory judgment action, filed by Defendant Arrowood, in the United States District Court for the Southern District of New York.

The Court declines to exercise jurisdiction.

Plaintiff's Motion to Remand (ECF No. 7) is **GRANTED**.

Defendants' Motion to Dismiss or Transfer (ECF No. 13) is **DENIED**.

## PROCEDURAL HISTORY

On August 14, 2014, Plaintiff Catholic Foreign Mission Society of American, Inc., aka Maryknoll Fathers and Brothers ("Maryknoll") filed a Complaint against Defendants Arrowood Indemnity Company ("Arrowood") and The Travelers Companies, Inc. ("Travelers") in the Circuit Court of the First Circuit, State of Hawaii.

On August 29, 2014, Plaintiff filed a First Amended Complaint against Defendants Arrowood Indemnity Company and The Travelers Companies, Inc. in the Circuit Court of the First Circuit, State of Hawaii.

On September 16, 2014, Defendants Arrowood and St. Paul Fire and Marine Insurance Company ("St. Paul") filed a Joint Notice of Removal in the United States District Court for the District of

2

Hawaii.  (ECF No. 2.)  Defendants contend that Plaintiffs incorrectly sued The Travelers Companies, Inc., rather than its subsidiary St. Paul.

On October 6, 2014, Plaintiff Maryknoll filed a Motion for Remand. (ECF No. 7.)

On October 7, 2014, Plaintiff Maryknoll filed a Motion for Leave to File Second Amended Complaint.  (ECF No. 8.)  Hearing on Plaintiff's Motion for Leave to File Second Amended Complaint is set for January 21, 2015.

On October 15, 2014, Defendant Arrowood filed a Motion to Dismiss or Transfer, in which Defendant St. Paul joined. (ECF No. 13, 14.)

On November 10, 2014, Defendants Arrowood filed an Opposition to Plaintiff's Motion to Remand, in which Defendant St. Paul joined.  (ECF No. 21, 22.)

On November 10, 2014, Plaintiff Maryknoll filed an Opposition to Defendant Arrowood and St. Paul's Motion to Dismiss or Transfer, in which Defendant St. Paul joined.  (ECF No. 23.)

On December 4, 2014, Defendant Arrowood filed a Reply to Plaintiff's Motion to Remand, in which Defendant St. Paul joined. (ECF No. 28, 29.)

On December 4, 2014, Plaintiff Maryknoll filed a Reply to Defendants' Opposition to Plaintiff's Motion to Remand.  (ECF No. 30.)

Plaintiff's Motion to Remand and Defendants' Motion to Dismiss or Transfer came on for hearing on December 22, 2014.

**BACKGROUND**

**Plaintiff's Complaint for Declaratory Judgment filed in Hawaii State Court.**

August 29, 2014, Plaintiff Maryknoll filed a First Amended Complaint ("FAC") for declaratory judgment against Defendants Arrowood and Travelers in the Circuit Court of the First Circuit, State of Hawaii. (ECF No. 2-2.) The FAC contains two counts. Count I seeks a declaratory judgment as to the Defendants' duty to defend and Count II seeks a declaratory judgment as to the Defendants' duty to indemnity.

In particular, in the FAC, Maryknoll seeks a declaratory judgment that Arrowood and Travelers have a duty to provide insurance coverage regarding several cases filed in the Circuit Court of the First Circuit of Hawaii. (FAC ¶ 1.) Maryknoll alleges that it is a not-for-profit corporation incorporated in the State of New York, with its principle place of business in New York. (FAC ¶ 3.) As to Defendants, Maryknoll alleges that Defendant Arrowood is a Delaware corporation with its principle place of business located in Charolotte, North Carolina and that Defendant Travelers is a Minnesota Corporation with its principle place of business in New York. (FAC ¶¶ 4, 5.)

**Insurance policies**

In the FAC, Plaintiff Maryknoll seeks a declaration as to coverage under a number of insurance policies issued to Plaintiff Maryknoll by either Defendant Arrowood or Defendant Travelers (through its subsidiary, St. Paul), in the 1960s and 1970s. (FAC ¶¶ 9, 17-22.)  Plaintiff alleges that, upon information and belief, the Umbrella Excess Liability policy issued by St. Paul is now administered by Travelers.  (FAC ¶ 22.)  As discussed further below, Defendant St. Paul disputes that Travelers is a proper party and has appeared in this matter as Defendant St. Paul "incorrectly sued herein as The Travelers Companies, Inc.".

**Underlying State Court Lawsuits**

According to Maryknoll's proposed Second Amended Complaint, there are fourteen underlying State court lawsuits filed in the Circuit Court for the First Circuit, State of Hawaii.  The lawsuits name Maryknoll and members of the clergy as defendants.  The lawsuits allege sexual abuse by members of the clergy, that Maryknoll failed to warn the plaintiffs, and that Maryknoll was negligent in continuing to employ and failing to properly supervise accused members of the clergy.

**Defendant Arrowood's Declaratory Judgment Action in New York**

On June 5, 2014, prior to the filing of Plaintiff's suit before this Court, Defendant Arrowood filed a declaratory judgment action in the United States District Court for the

Southern District of New York.  (See <u>Arrowood Indemnity Company</u> <u>v. Catholic Foreign Mission Society of America Inc. a/k/a</u> <u>Maryknoll Fathers and Brothers</u>, Civil Action No. 14 CV 4089 ("New York Lawsuit").  In the New York Lawsuit, Defendant Arrowood seeks a declaration that it owes neither a duty to defend nor a duty to indemnity Maryknoll in the underlying lawsuits filed in Hawaii state court.  On September 16, 2014, Arrowood amended its complaint in the New York Lawsuit to include St. Paul as a Defendant and to seek declaratory relief with respect to additional underlying lawsuits tendered by Maryknoll to Arrowood and St. Paul after the filing of the New York Lawsuit. Travelers is not a party to the New York lawsuit.  The Federal District Court in New York has issued a scheduling order in the New York Lawsuit.  Maryknoll filed a motion to dismiss or stay the New York Lawsuit.  As of the date of the hearing before this Court, Maryknoll's motion to dismiss or stay has not been ruled upon.

**Plaintiff's Proposed Second Amended Complaint**

Plaintiff Maryknoll's proposed Second Amended Complaint includes four additional insurance carriers and ten additional underlying lawsuits pending in the First Circuit Court, State of Hawaii.  Hearing on Plaintiff's Motion for Leave to File Second Amended Complaint has been deferred until after the Court rules on the pending motions - Plaintiff's Motion to Remand and

Defendants' Motion to Dismiss or Transfer, to allow a ruling on the Court's exercise of jurisdiction in this matter.

**Notice of Removal**

In their notice of removal, Defendants assert diversity jurisdiction. (ECF No. 2.) It is undisputed that Defendant Arrowood, as alleged in the FAC, is incorporated in Delaware and his its principle place of business in Charlotte, North Carolina. (Id.) The Notice of Removal is also filed by St. Paul, which describes itself as a Defendant and says that it has been sued incorrectly as The Travelers Companies, Inc. (Id.) St. Paul is a corporation organized under the laws of Connecticut with its principal place of business in Connecticut. St. Paul received the initial complaint through service upon CSC, the registered agent for service in Hawaii for the subsidiaries of The Travelers Companies, Inc., including St. Paul. Defendants point out that the policy at issue in the FAC as to Travelers/St. Paul, states, on its face, that it was issued by St. Paul Fire and Marine Insurance Company.

Travelers, the named defendant in the FAC, is alleged to be a Minnesota Corporation with its principle place of business in New York. (FAC ¶ 5.) Plaintiff Maryknoll is a New York corporation with its principle place of business in New York. With Travelers named as a defendant, Plaintiff Maryknoll and

Defendant Travelers are citizens of the same state, such that there is no diversity jurisdiction.

**Affidavit of Peter Schwartz in Support of Removal**

In support of their argument that St. Paul, and not Travelers, is the proper party, Defendants have filed the Affidavit of Peter Schwartz in Support of Removal. Mr. Schwartz is the Senior Vice President, Group General Counsel Corporate Litigation and Assistant Corporate Secretary of The Travelers Companies, Inc. (Affidavit of Peter Schwartz, ("Schwartz Aff."), ECF No. 2-1.) Mr. Schwartz avers that Plaintiff's allegation that the St. Paul policy is "now administered by The Travelers Corporation" is incorrect. (Schwartz Aff. ¶¶ 5-7.) According to Schwartz, Travelers has not and does not administer insurance policies or claims for St. Paul or any other insurer. (Id.) Mr. Schwartz further explains that Travelers is not an insurer, does not issue policies of insurance and is not authorized to issue policies of insurance in Hawaii or in any other state. (Id.) Defendants argue that Travelers is not an indispensable party and that inclusion of defendant should be disregarded for diversity purposes on the grounds of fraudulent joinder.

Defendants also state that the cost of defending the underlying lawsuits, and thus the amount in controversy, is far in excess of $75,000.

**Plaintiff's Motion to Remand**

Plaintiff Maryknoll moves to remand this case to state court on the grounds that: (1) pursuant to the Federal Declaratory Judgment Act, the exercise of federal jurisdiction over this action is purely discretionary; (2) this action presents solely issues of state law; and (3) the Defendants appear to be forum shopping because they removed this case from state court to Federal Court for the District of Hawaii and have now moved to transfer it to the United States District Court for the Southern District of New York.

As to Defendants' assertion that Travelers has been fraudulently joined, Plaintiff Maryknoll simply notes in a footnote that "[w]hether St. Paul and/or Travelers is a proper defendant in this action remains unresolved." (ECF No. 7-1, Motion to Remand at p. 4-5, n.1.)

**Defendants' Motion to Dismiss**

Defendants move to dismiss the case or, in the alternative, to transfer it to the Southern District of New York. Defendants' motion is based on the first-filed rule. See Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982) ("There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district. Normally sound judicial

administration would indicate that when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action. However, this 'first to file' rule is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration.") (citations omitted).  Defendants argue that the Court should dismiss or transfer the case because Defendant Arrowood filed their New York Lawsuit two months prior to the declaratory judgment lawsuit filed by Plaintiff in Hawaii state court now removed by Defendants to this Court.

## STANDARD OF REVIEW

### Motion to Remand

A motion to remand may be brought to challenge the removal of an action from state to federal court.  28 U.S.C. § 1447(c); Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009).  Removal of a civil action is permissible if the district courts of the United States have original jurisdiction over the action.  28 U.S.C. § 1441.  There is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th

Cir. 1992) (internal citations omitted).  The "strong
presumption" against removal jurisdiction "means that the
defendant always has the burden of establishing that removal is
proper."  Id.

Subject matter jurisdiction is conferred on federal courts
either through federal question jurisdiction under 28 U.S.C. §
1331, or through diversity jurisdiction under 28 U.S.C. § 1332.
Peralta v. Hispanic Bus., Inc., 419 F.3d 1064, 1068 (9th Cir.
2005).

Diversity jurisdiction exists when there is complete
diversity of citizenship between the parties, and the amount in
controversy exceeds $75,000.  28 U.S.C. § 1332(a); Caterpillar
Inc. v. Lewis, 519 U.S. 61, 68 (1996).  The burden of
establishing that diversity jurisdiction exists rests on the
party asserting it.  Hertz Corp. v. Friend, 559 U.S. 77, 96-97
(2010).

**The Declaratory Judgment Act**

Under the Declaratory Judgment Act, United States courts
"may declare the rights and other legal relations of any
interested party seeking such declaration." 28 U.S.C. § 2201(a).
A lawsuit seeking federal declaratory relief must first present
an actual case or controversy within the meaning of Article III,
section 2 of the United States Constitution. Gov't Employees Ins.
Co. v. Dizol, 133 F.3d 1220, 1222-23 (9th Cir. 1998).

Jurisdiction under the Declaratory Judgment Act is discretionary even where there is diversity of citizenship. <u>See</u> <u>Dizol</u>, 133 F.3d at 1222–23.

The lawsuit must also fulfill statutory jurisdictional prerequisites. <u>Id.</u> If the suit passes constitutional and statutory muster, the district court must also be satisfied that entertaining the action is appropriate. <u>Id.</u> A district court has the "unique and substantial discretion to decide whether to issue a declaratory judgment," <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 286 (1995), but is "under no compulsion to exercise that jurisdiction." <u>Brillhart v. Excess Ins. Co. of America</u>, 316 U.S. 491, 494 (1942). In <u>Dizol</u>, the Ninth Circuit Court of Appeals held that the <u>Brillhart</u> factors outlined by the Supreme Court "remain the philosophic touchstone" in analyzing whether to entertain a declaratory action, and the district court should: (1) avoid needless determination of state law issues; (2) discourage litigants from filing declaratory actions in an attempt to forum shop; and (3) avoid duplicative litigation. <u>Dizol</u>, 133 F.3d at 1225 (citing <u>Continental Cas. Co. v. Robsac Industries</u>, 947 F.2d 1367, 1371–73 (9th Cir. 1991)). In this analysis a court must proceed cautiously, balancing concerns of judicial administration, comity, and fairness to the litigants. <u>Chamberlain v. Allstate Ins. Co.</u>, 931 F.2d 1361, 1367 (9th Cir.

1991) (overruled in part on other grounds by <u>Wilton</u>, 515 U.S. at 289-90).

If there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court. <u>Dizol</u> at 1225 (citing <u>Chamberlain</u>, 931 F.2d at 1366-67). As the Supreme Court explained in <u>Brillhart</u>:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

316 U.S. 491, 495.

With the teachings of <u>Brillhart</u> in mind, the Ninth Circuit Court of Appeals held that the pendency of a state court action does not, of itself, require a district court to refuse federal declaratory relief. <u>Dizol</u>, 133 F.3d at 1225. Nonetheless, the federal courts should generally decline to entertain reactive declaratory actions. <u>Id</u>.

Additionally, the Ninth Circuit Court of Appeals recognized that the <u>Brillhart</u> factors are not exhaustive and suggested that district courts also consider the following factors:

> [W]hether the declaratory action will settle all
> aspects of the controversy; whether the
> declaratory action will serve a useful purpose in
> clarifying the legal relations at issue; whether
> the declaratory action is being sought merely for
> the purposes of procedural fencing or to obtain a
> 'res judicata' advantage; whether the use of a
> declaratory action will result in entanglement
> between the federal and state court systems; the
> convenience of the parties, and the availability
> and relative convenience of other remedies.

Dizol, 133 F.3d at 1225 n. 5 (citation omitted).

## ANALYSIS

### I. Diversity Jurisdiction

As a preliminary matter the Court considers whether there is statutory jurisdiction. A lawsuit seeking federal declaratory relief "must also fulfill statutory jurisdictional prerequisites." Dizol, 133 F.2d at 1222-23 (citing Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 672 (1950)).

Defendants removed this action based on diversity jurisdiction. 28 U.S.C. § 1332 provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states."

On the face of the FAC, there is no diversity jurisdiction because both Plaintiff and Travelers are citizens of New York. Defendants submit evidence, in the form of an affidavit by Mr.

14

Schwartz, that the proper defendant is St. Paul, a subsidiary of Travelers, and not Travelers. If St. Paul is substituted as a defendant, there would be diversity jurisdiction because St. Paul is a citizen of Connecticut. Mr. Schwartz's Affidavit is persuasive evidence that St. Paul should at least be joined or added as a defendant. The parties have not fully briefed the issue of whether Travelers was fraudulently joined or may also remain a proper defendant.[1] If Travelers remains as a defendant, there would not be complete diversity of citizenship as required for the Court to exercise diversity jurisdiction.

The Court need not reach the question of whether Travelers is fraudulently joined. Even assuming the Court has diversity jurisdiction, the Court has discretion to determine whether

---

[1] "Fraudulent joinder" is a term of art. <u>Morris v. Princess Cruises, Inc.</u>, 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" <u>Id.</u> (quoting <u>McCabe v. General Foods Corp.</u>, 811 F.2d 1336, 1339 (9th Cir. 1987)). There is a general presumption against fraudulent joinder, and the removing defendant carries a heavy burden to prove fraudulent joinder by clear and convincing evidence. <u>Hamilton Materials, Inc. v. Dow Chemical Corp.</u>, 494 F.3d 1203, 1206 (9th Cir. 2007). Joinder is not fraudulent if there is any possibility that the plaintiff will be able to establish liability against the non-diverse defendant. <u>Hunter v. Philip Morris USA</u>, 582 F.3d 1039, 1046 (9th Cir. 2009); <u>Pampillonia v. RJR Nabisco, Inc.</u>, 138 F.3d 459, 461 (2d Cir. 1998) (finding that the defendant must show "that there is no possibility, based on the pleadings, that plaintiff can state a cause of action against the non-diverse defendant in state court").

exercising jurisdiction is appropriate.  For the reasons set forth below, the <u>Brillhart</u> and <u>Dizol</u> factors weigh in favor of remanding the action to the Circuit Court for the First Circuit, State of Hawaii.

## II. <u>Court's Discretion to Decline to Exercise Jurisdiction</u>

### A.   Consideration of parallel state court proceedings

The existence of parallel state court proceedings gives rise to a presumption in favor of declining to exercise jurisdiction. <u>See</u> <u>Dizol</u>, 133 F.3d at 1225.

#### 1.   There are parallel state court proceedings

Defendants argue there is no parallel state court proceeding because there is no state court proceeding for declaratory relief regarding insurance coverage for the underlying state court lawsuits. Plaintiff disagrees.  Plaintiff argues that the underlying lawsuits against Maryknoll and members of the clergy for sexual abuse are "parallel state court proceedings" because "the ultimate legal determination in each depends upon the same facts." (ECF No. 30, Reply at p. 3.)  The Court agrees with Plaintiff.

The Ninth Circuit's decisions in <u>American National Fire Insurance Co. v. Hungerford</u>, 53 F.3d 1012, 1017 (9th Cir.1995) and <u>Golden Eagle Ins. Co. v. Travelers Cos</u>., 103 F.3d 750, 755 (9th Cir. 1996) support Plaintiff's argument.[2]  <u>Hugerford</u> and

---

[2] These cases were overruled on other grounds by <u>Dizol</u>.

Golden Eagle Ins. Co. provided a flexible approach to whether two actions are "parallel" such that the court should decline jurisdiction.  In Hungerford, 53 F.3d at 1017, the court stated that "when an ongoing state proceeding involves a state law issue that is predicated on the same factual transaction or occurrence involved in a matter pending before a federal court, the state court is the more suitable forum for a petitioner to bring a related claim."  Similarly, the court in Golden Eagle Ins. Co., 103 F.3d at 755 stated that "[i]t is enough that the state proceedings arise from the same factual circumstances."  See Employers Reinsurance Corp. v. Karussos, 65 F.3d 796, 800 (9th Cir. 1995) (finding state and federal actions parallel when the actions raised overlapping, but not identical, factual issues), overruled in part on other grounds, Dizol, 133 F.3d at 1227.

The Court finds that the underlying lawsuits are sufficiently parallel state court proceedings.  The Defendants' insurance coverage duties depend on a comparison of the allegations made in the underlying state court complaints with the insurance policies' provisions.  If the allegations raised in the underlying proceedings raise any possibility of coverage under its policies, Defendants would have a duty to defend.  The duty to indemnify also rests on factual determinations made in the underlying state cases.

The existence of the parallel state court proceedings weighs strongly in favor of the Court exercising its discretion to decline to exercise jurisdiction.[3]  See Maryland Casualty Co. v. Knight, 96 F.3d 1284, 1288 (9th Cir. 1996).

The Court next turns to consideration of the Brillhart and Dizol factors.

**B.    The Brillhart Factors Favor Remand**

**1.    Needless Determination of State Law Issues**

The first consideration is whether remand will avoid needless determination of state law issues. There is no federal question presented here and no federal interest at issue.  The case is governed by state law.  A federal district court should avoid needless determinations of state law. Continental Cas. Co.

---

[3] Defendants contend that if there is no parallel state court proceeding the Brillhart factors do not apply.  Even if there were no parallel state court proceeding, the federal district court has discretion to determine whether to exercise jurisdiction and, contrary to Defendants' contention, the Court may apply the Brillhart factors in determining whether to exercise jurisdiction.  See e.g., Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co., 139 F.3d 419, 423 (4th Cir. 1998) ("There is no requirement that a parallel proceeding be pending in state court before a federal court should decline to exercise jurisdiction over a declaratory judgment action. Rather, as the district court stated, "[t]he existence or nonexistence of a state court action is simply one consideration relevant to whether to grant declaratory relief."  To hold otherwise would in effect create a per se rule requiring a district court to entertain a declaratory judgment action when no state court proceeding is pending. Such a rule would be inconsistent with our long-standing belief that district courts should be afforded great latitude in determining whether to grant or deny declaratory relief.") (footnotes omitted).

v. Robsac Industries, 947 F.2d 1367, 1371 (9th. Cir.
1991)(overruled in part by Dizol on other grounds, 133 F.3d at
1227). Insurance law is "an area that Congress has expressly left
to the states through the McCarran-Ferguson Act." Id. at 1371
(citing 15 U.S.C. § 1011-12 (1988)). Remand here will avoid the
needless determination of state insurance law issues by the
Court.

The parties also argue about which state's law applies.
Plaintiff contends that Hawaii law applies whereas Defendants
contend that New York law applies.

The Court applies the forum's law in resolving conflict of
law issues. See Lemen v. Allstate Ins. Co., 938 F.Supp. 640, 643
(D. Haw. 1995) (citing Van Dusen v. Barrack, 376 U.S. 612, 628
(1964); Lettieri v. Equitable Life Assurance Society of the U.S.,
627 F.2d 930, 932 (9th Cir. 1980)).  "There is a presumption that
Hawaii law applies unless another state's law would best serve
the interests of the states and persons involved."  Id. (citation
and quotations omitted).

The Hawaii Supreme Court discussed its choice of law
jurisprudence in Mikelson v United Serv. Auto Ass'n, 111
P.3d 601 (Haw. 2005).  The Mikelson court observed the following:

> This court has moved away from the traditional and
> rigid conflict-of-laws rules in favor of the modern
> trend towards a more flexible approach looking to the
> state with the most significant relationship to the

19

> parties and subject matter. This flexible approach
> places primary emphasis on deciding which state would
> have the strongest interest in seeing its laws applied
> to the particular case. Hence, this court has said that
> the interests of the states and applicable public
> policy reasons should determine whether Hawai'i law or
> another state's law should apply. The preferred
> analysis ... would be an assessment of the interests
> and policy factors involved with a purpose of arriving
> at a desirable result in each situation.

Mikelson, 111 P.3d at 607 (citations, brackets, and quotation

marks omitted).

        In Del Monte Fresh Produce (Hawaii), Inc. v. Fireman's Fund

Ins. Co., 183 P.3d 734, 742 (Haw. 2007), the Hawaii Supreme Court

applied the Mikelson court's flexible approach and cited the

Restatement (Second) of Conflict of Laws in rejecting Defendant's

argument that California, and not Hawaii law applied.  The

Defendants in that case made arguments similar to the Defendants

here, contending that California law should apply because (1) all

of the contracting parties to the insurance policies were located

in California, (2) the policies were negotiated in California,(3)

the insurance contract would be performed by the insurer in

California in the event that policy benefits were provided, (4)

the insured tendered claims to the insurer in California, and (5)

California was the principal place of business for all

contracting parties.  In rejecting Defendants' argument, the Del

Monte court cited the Restatement (Second) Conflict of Laws § 193

for the proposition that the rights created by an insurance

contract "are determined by the local law of the state which the parties understood was to be the *principal location of the insured risk* during the term of the policy, unless with respect to the particular issue, some other state has a more significant relationship...." Id. at 742 n. 12 (quoting Restatement (Second) of Conflict of Laws § 193 (emphasis added)).

Here, Hawaii has a stronger interest in seeing its insurance laws applied than does New York in seeing New York law applied. All of the underlying lawsuits arose out of actions which took place in Hawaii. The underlying lawsuits were filed in Hawaii. The fact witnesses in the underlying lawsuits are located in Hawaii. These same witnesses have information pertinent to the insurers' duty to indemnity Plaintiff Maryknoll for any liability incurred in the underlying actions. Hawaii is the state which the parties understood to be the principal location of the insured risk during the term of the policies. New York does not have a more significant interest. The fact that the insurance policies were issued in New York and Plaintiff Maryknoll's principle place of business is in New York is relatively insignificant. See Del Monte Fresh Produce (Hawaii), Inc., 183 P.3d at 742 n.12 (citing P.W. Stephens Contractors v. Mid American Indemnity Insur. Co., 805 F.Supp. 854, 856 (D. Haw. 1992)("The place of contracting is relatively insignificant when there is no other significant relationship between the transaction and that place.")).

It is highly likely that the Hawaii state court, under the
flexible approach described in <u>Mikelson</u>, would apply Hawaii law.
The Court, however, need not decide which state law applies.  For
the first <u>Brillhart</u> factor to weigh in favor of the Court
declining to exercise jurisdiction, it is sufficient that the
matter implicates state, and not federal, law.

## 2. Discouraging Forum Shopping

The second consideration is whether declining to exercise
jurisdiction will discourage litigants from filing declaratory
actions in an attempt to forum shop.  Defendants are seeking to
transfer this case to the Southern District of New York.
According to Plaintiff, Defendant Arrowood abruptly filed the New
York Lawsuit in the midst of the parties' discussions regarding
insurance coverage issues.  On May 27, 2014, Defendant Arrowood's
counsel sent Plaintiff's counsel a letter regarding insurance
coverage for the underlying lawsuits.  (ECF No. 23-2, Plaintiff's
Opposition to Motion to Dismiss or Transfer at Exh. A.)  The May
27, 2014 letter indicated that policy investigation was underway.
(<u>Id.</u>)  Plaintiff's counsel responded with a letter, dated June 2,
2014, stating that if Arrowood failed to defend Plaintiff would
have "no alternative but to pursue a declaratory judgment action
against Arrowood."  (<u>Id.</u> at Exh. B.)  The facts indicate that the
New York Lawsuit is the type of reactive declaratory judgement
action strongly discouraged by the Ninth Circuit appellate court.

See Maryland Cas. Co. v. Knight, 96 F.3d 1284, 1289 (9th Cir. 1996) ("We have similarly indicated that a district court should exercise its discretion to decline jurisdiction when the federal action has simply been filed in anticipation of an impending state court suit") (citation omitted).

Although all of the underlying lawsuits are pending in Hawaii state court, Defendants are actively seeking to resolve the insurance coverage issues in federal court in New York. Plaintiff suggests that Defendants have a motive to forum shop because Hawaii law is favorable to the insured. See Sentinel Ins. Co., Ltd. v. First Ins. Co. of Hawaii, Ltd., 875 P.2d 894, 904 (Haw. 1994) (under Hawaii law, the duty to defend is broad, resting primarily on the possibility that coverage exists). This factor weighs in favor of declining to exercise jurisdiction.

### 3. Avoiding Duplicative Litigation

The third consideration is whether declining to exercise jurisdiction will avoid duplicative litigation. As discussed above, the factual issues in the underlying state lawsuits parallel the factual issues which must be resolved to determine the insurance coverage issues. Plaintiff originally filed this action in Hawaii state court seeking declaratory relief from the same state court entertaining the underlying lawsuits. Because declaratory relief can be granted by the state court and this case raises many of the same issues before the court in the

underlying lawsuits, this factor weighs in favor of declining to exercise jurisdiction.

### C.    Additional _Dizol_ Factors Favor Remand

In determining whether to exercise jurisdiction, district courts may also consider other factors identified by the Ninth Circuit appellate court in _Dizol_: whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; whether the use of a declaratory action will result in entanglement between the federal and state court systems; the convenience of the parties, and the availability and relative convenience of other remedies.

The additional factors identified by the Ninth Circuit appellate court in _Dizol_ also favor remand. In this case, if the Court were to retain jurisdiction it would not "settle all aspects of the controversy". The underlying lawsuits are still being litigated in state court and the resolution of issues in those cases have bearing on the coverage issues in the declaratory judgment action. A declaratory action will serve a useful purpose in clarifying the legal relations at issue, but the declaratory judgment action need not be maintained in this Court. As discussed above, the state court is in a better

position to resolve the issues raised in the declaratory judgment action.  The consideration of whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage also weighs in favor of declining to exercise jurisdiction.  Issues of 'res judicata' may arise if the Court were to reach certain legal or factual issues before the Hawaii state court reaches those issues in the underlying lawsuits.  Maintaining the declaratory action in this Court could result in entanglement between the federal and state court systems.  This factor weighs in favor of remand.  If the underlying lawsuits proceed in state court and the declaratory judgment action proceeds in this Court, it creates an obvious entanglement between the federal and state court systems.  The final two considerations –  the convenience of the parties, and the availability and relative convenience of other remedies – also weigh in favor of remand.  The circumstances giving rise to the underlying state cases occurred in Hawaii.  A remedy for the Court's decision to decline to exercise jurisdiction is readily available in the form of remand to the Hawaii state court.

The additional factors identified by the <u>Dizol</u> court for consideration weigh in favor of the Court exercising its discretion to decline to exercise jurisdiction.

**CONCLUSION**

The Court exercises its discretion to decline to exercise jurisdiction. Plaintiff's MOTION FOR REMAND (ECF No. 7) is **GRANTED.**

Because the Court grants Plaintiff's Motion for Remand, Defendants' Motion to Dismiss or Transfer is moot. Defendants' MOTION TO DISMISS OR TRANSFER (ECF No. 13) is **DENIED AS MOOT.**

Defendants' request for additional time to file an Answer to Plaintiff Maryknoll's Amended Complaint is **DENIED AS MOOT.**

The case and all files herein are **REMANDED** to the Circuit Court of the First Circuit, State of Hawaii for further proceedings.

IT IS SO ORDERED.

DATED:        Honolulu, Hawaii, December 29, 2014.



___/s/ Helen Gillmor___
Helen Gillmor
United States District Judge

_____
Catholic Foreign Mission Society of American, Inc., aka Maryknoll Fathers and Brothers v. Arrowood Indemnity Company, et al.; Civ. No. 14-00420; **ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND(ECF No. 7) AND DENYING DEFENDANTS' MOTION TO DISMISS OR TRANSFER (ECF. No. 13)**